The Case.
Nicholas Curie being possessed of a considerable Estate in Slaves, Goods, Chattels, ready money and outstanding Debts, made his last Will and Testament whereby he gave several Legacies to his Wife & Children And appointed her Executrix during her Widowhood, but if she married, then Geo. Walker, John Curie, and Harry Jenkins shou’d be joint Ex’ors. with her, After the Tes’tors. death she proved the Will and George Walker, Edmond Keary, Joshua Curie and John Smith became her Securities for her faithful Administration She exhibited an *R98 Inventory and afterwards intermarried with James Rickets which made her Securities uneasy, So they Petitioned the County Court of Eliz’a City to be discharged Whereupon the Pit. together with James Rickets and others [205] became bound to the Justices of that Court in the Penalty of 2000^[. Stg. upon Condition that Rickets Wife shou’d faithfully Administer her former Husbands Estate (In the words of the Condition of the former Bond) and the former Securities were discharged, After this Rickets wasted Curies Estate and died not leaving sufficient to Satisfy the Legacies given by Curie to his Children, His Wife is Adm’x of his Estate and married a third Husband, the Deft. Swiney, and upon this, Swiney to secure himself and his Wife as he Imagined, stired up a prosecution ag’t the Pit. upon the Bond he entered into for Adm’on. in Order to compel him to satisfy Curies Legacies, so far as Rickets Estate proved deficient, And after some proceedings upon the Action, and a discovery made that Curies Estate was wasted, and Rickets Assets wou’d not be sufficient to Supply the Deficiency, the Pit. exhibited his Bill against the Defendant And the End of the Bill is to Compel the Deft. Jane to a Settlem’t of an Account of her Administration of Curies Estate and Rickets and to oblige her, and her present Husband to Indemnifie the Plaintif
To which the Deft. Jane answers That the Pit. and the other Securities did become bound as in the Bill is set forth, but they did it out of friendship to Rickets, upon what Inducements she does not know and that she always Expected and understood that they were Answerable for Rickets management and that he wasted Curies Estate and if the Pit. had not with the other become Sureties the Estate wou’d have been taken out of Rickets hands and lodged in the Hands of the former Securities where it might have been secure And as to Rickets Estate she says that 4 of the Negroes are are not to be Accounted his Estate because three of them were Devised to her by Curie and the 4th .she purchased in her Widowhood before she marryed Rickets
The Deft. Swiney Answers, That none of Curies Estate ever came to his Hands Except the Negro before mentioned and that he hath Exhibited an Account of the Adm’on. of Curies Estate, to which he refers. And as to the four Negroes he made them his own by Bargain and Sale Executed by him and his Wife to Samuel Swiney, who. Conveyed them back to him, and owns that he caused the Action at Common Law to be Com *R99 menced ag’t the Pit. and insists that neither he or his Wife are liable either in Law or Equity to indemniñe the Pit. There are other matters relating to the Account of Curies and Rickets Estates in both Answers which need not be mentioned, because when the first Question is determined, there must be a Decree for the Defts. to Account, and then all the disputed Articles will come properly before the Court Now upen the Bill and Answer, the Questions are Whether the Deft. Jane Executrix of Curie be liable in Equity to Indemnify the Pit. who became Security at Richards Request for her Administration [20G] and if she is not then, Whether the 4 Negroes mentioned in both Ans’rs are not to be Accounted Rickets Estate And 1 conceive she is bound in Equity to Indemnify the Pit. because she is the principal in the Case and she is without doubt chargeable with all Debts and Legacies of Curl if the Creditors and Legatees think fit to take their remedy ag’t her She is admitted herself Executrix and confessed that sufficient of Curies Estate came to her Hands to pay all his Debts & Legacies with an Overplus she married Rickets who wasted Curies Estate, this wasting is to be considered as her own Act being occasioned by her folly in Marrying such a Husband
If a Man takes an Executrix to wife and Waste the Goods it is a Devistavit in the Wife, for it was her folly, to take such a Husband who wou’d make a Devestavit And if she Survive that Hurband and marry another they are both liable and if there be a Recovery against them and the Wife dies the Husband still remains Chargeable in respect of the Judgm’t against him in his Wife’s life But if there be no Recovery in the Life of the Wife, then it’s otherwise Fr Curiam Inter Monnson & Bourn Cro. Car. 519. S. P. Is so Adjudged between Eyres and Coward 1. Sid. 337.
The Legatees have not only a remedy against her & her present Hurband in Chancery, but they have the same remedy against them upon the Bond she entered into with the first Securities for her Adm’on. for that Bond is still in force as to her tho’ the Securities are discharged by the new Secruities.
Then the Deft. Jane still remains chargeable as principal both in Law and Equity & we are liable only as her Sureties in the same manner as the first Securities wou’d have been if they had not been discharged and no otherwise, For our Bond is in the same words as theirs was, that she shou’d faithfully Administer *R100 Curies Estate And it is no ways material in the Case whether we became bound on her Account or out of Friendship to her Husband Rickets. If it was for the Advantage of the Husband to keep this Estate in his Hands it must likewise be for the benefit of the Wife, because their Inter’sts must be the same And the event of this management will make no difference now
Then if it be admitted that she is liable to the Cred’rs & Legatees in the first place which I think can’t be denied, it must [207] follow by the rules of Equity, that we who are collaterally bound as her Sureties shou’d resort to her to be saved harmless and there can be no Reason that we shou’d pay the money she owes without Redress because the Creditors and Legatees chuse their remedy ag’t us rather than against her, or rather because she and her Husband have had it in their power to stir up this Prosecution against us
If two or three Person become bound jointly and Severally as principals and the Obligee will take his Remedy against one he may Compel the rest to Contribute their proportion towards Indemnifying him
So it is Where several are Sureties and one is Sued Equity will Decree a Contribution against the rest and in all Cases the Securities may resort to the principal for Satisfaction of what they are damnified on his Account And it is a Standing Rule in Equity, That the Person or Thing which is primarily Chargeable shall make satisfaction to the Person or Thing that is Collaterally or Secundarily liable This is apparent in a multitude of Instances in the Chancery Books
The Consequence of the Wifes being liable is that the Husband must be so too Tho’ it may be objected to be a very hard Case, but it is of the unhappy Conditions of Matrimony that the Husband must take his Wife with all her Incumbrances
The Case of Gilpin vs Smith and his Wife & Touch 1. Cha. Ca. 80. is clear to this purpose S’r Edward Touch Settled Lands on Trustees after his Death for payment of his Debts and dies leaving the Deft. Touch his Son and Heir, and the Deft. Smith his Widow, She enters. The Trustees did not Act, She marrys one Loyd, and he takes the Profits during his Life, he dies. She Marries Smith, Smith received the Profits till the Heir came of age, The Pit. was a Cred’r of S’r Edward Touch and Exhibited his Bill ag’t the Deft, to have his Debt It was Decreed that the Wife was chargeable with the money received by Loyd *R101 her Second Husband it being considered as her on Act and in Consequence of that Smith her last Husband was liable for the wrong done by Loyd, even tho’ there was Assets of L’yds in the Hands of the Wife who was Executrix And Smith and his Wife were Decreed to Indemnify the Heir. N B.
But perhaps the Case of Norton and Sprig 1. Vern. 309. may be Objected, It is say’d Fr Cur. Where there is a Bond there is a Lien by Deed and so the 2d. Husband in Case of a Devastavit of the Wife and her Husband is bound, But where there is barely [ ?] a breach of Trust or Debt by Simple Contract there the Pit. (a Creditor) ought to follow the Estate of the Wife in the Hands of the Ex’or. of the first Husband
[208] And I do Admit, that wou’d be reasonable, But it does not follow that when there is no Estate of the Wife or of the first Husband, that the 2d Husband shall not be Charged, but the contrary is to be inferred from the Case, for the Estate of the Wife can be chargeable no otherwise than her Person is And she is liable in Consequence every Husband she shall marry during their lives must be so to, for it is impossible to have a Decree or Judgment against a Feme Covert alone
Yet without doubt this Case proves that the Estate of the Wife where ever it is, is liable in the first place, Therefore no Question will remain whether the four Negroes mentioned in the Defts. Answer shall be applied towards our relief, be they accounted Rickets Estate or not
But besides I suppose no Man in the world will say Seriously that they were not Rickets Estate, since the Act explaining the Act mak’g Negroes Real Estate which is so express in the matter that nothing can be say’d against it
Therefore we pray a Decree that we may be Indemnified first out of the value of these Negroes so far as they will go. And for the rest ag’t the Deft. Vid. 1. Rolls. Rep 268. Husband Chargeable with the Devastavit of the Wife before Coverture Fr Coke Cro. Caro. 603. King and Hilson Fr Cur. S. P. 2. Lev. 145. Wife Chargeable with Devastavit of her Husband after his death, Agreed, Cited by Mr. Robertson for the Pit.
On the other side it was Objected by Mr. Hopkins That the Wife it is true is chargeable for a Devastavit to a Cred’r but shall not [?] a legatee. The Cases don’t prove that, says he, and that the Pit. is no Cred’r And besides Preced’ts in Equity are of no use
*R102 And the Court Decreed that the account of the Deft. Jane’s Ad’mon. of'the Estate of both her Husbands shou’d' be Settled and that she and her present Husband shou’d Indemnify the Pit. for the Ballance.